# IN THE COURT OF APPEALS OF TENNESSEE
# AT JACKSON

## SARAH KEE AND LARRY KEE V. CITY OF JACKSON, TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C07326      Roger A. Page, Judge**

_____

**No. W2011-02143-COA-R3-CV - Filed April 4, 2012**

_____

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

John Dean Burleson and Matthew Robert Courtner, Jackson, Tennessee, for the appellant, City of Jackson, Tennessee.

David Wayne Camp, Jackson, Tennessee, for the appellees, Sarah Kee and Larry Kee.

## MEMORANDUM OPINION[1]

This matter arises from the complaint filed on October 5, 2007, by Sarah Kee and Larry Kee ("Kees") alleging that Ms. Kee sustained personal injuries after she fell on property belonging to the City of Jackson, Tennessee ("City"). The parties agreed to bifurcate the trial of this cause as to the issues of liability and damages and the trial court granted the parties' Joint Motion to Bifurcate the Trial. The trial court conducted a hearing concerning the issue of liability on August 25, 2011, and on August 31, 2011, the trial court entered an order finding the City sixty percent (60 %) at fault and the Kees

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

forty percent (40 %) at fault.

After entry of the trial court's order, the City filed a Notice of Appeal on September 26, 2011. Subsequently, the appellate record was transmitted to the Clerk of this Court and pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction, because we could find nothing in the record reflecting that the trial court had adjudicated the issue of damages. Consequently, this Court entered an Order on January 24, 2012, directing the City to show cause why this appeal should not be dismissed for failure to appeal a final judgment or order.

The City filed a response to our Order on February 3, 2012, conceding that the issue of damages remains unresolved. The City, however, argues that the unresolved issue of damages does not preclude the appellate jurisdiction in this matter. Specifically, the City submits that the case of *Simerly v. City of Elizabethton*, No. E2009-01694-COA-R3-CV, 2011 WL 51737 (Tenn. Ct. App. Jan. 5, 2011), is factually identical to this matter and that the Court held in *Simerly* that the unresolved issue of damages did not preclude the Court's jurisdiction. The City also submits that the Court may suspend the finality requirement upon a showing of good cause, pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure.

In *Simerly*, the trial court entered a partial judgment and specifically ordered further hearing to adjudicate the amount of damages. *Simerly* at *7. The Court distinguished that case from *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380 (Tenn. Ct. App. Aug. 25, 2009) which had been dismissed for lack of jurisdiction by stating:

> Unlike the trial court judgment's lack of finality in that case due to the existence of an outstanding request for attorney's fees that had not yet been addressed, here the parties stipulated all of the claims and potential liabilities of all parties as part of their motions for summary judgment that were then resolved by the partial judgment.

*Simerly* at *8. The Court determined that all of the substantive claims and rights between the parties, as stipulated by the parties, had been adjudicated by the trial court. *Id.* Moreover, the Court found that, even if the remaining issue of damages resulted in a conclusion that all substantive issues had not been addressed, the Court could still suspend the final judgment requirement upon a finding of good cause. *Id.* The Court then additionally found good cause to suspend the finality requirement in light of the significant principles of municipal law and collective bargaining issues involved in that appeal. *Id.* In this personal injury action, however, the parties have <u>not</u> stipulated to all

of the claims and potential liabilities of the parties. Consequently, application of *Simerly* to the pending matter is inappropriate.

The City also asserts that suspending the finality requirement in the instant case will further the original intention of the parties, i.e., judicial economy, by resolving the issues of the current appeal and, if necessary, remanding to the trial court for a determination of damages. Such action by this Court, however, could result in piecemeal litigation if this matter were remanded for a determination of damages and one of the parties subsequently appealed the trial court's ruling. Consequently, the Court declines to suspend the finality requirement in this matter.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed in this matter is not a final judgment and therefore, we must dismiss this appeal.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, City of Jackson, Tennessee, and its surety for which execution may issue if necessary.

**PER CURIAM**